WIGGINTON, Judge.
Appellant, who was defendant and cross-claimant in the trial court, has appealed a final judgment based upon its cross-complaint seeking a judicial declaration of its rights under the provisions of a life insurance policy issued by it and sued upon herein by appellee.
From the documents contained in the record it appears that on April 1, 1968, appellant issued to one Jewell Achor its life insurance policy providing for payment in the event of death resulting from accidental cause in which appellee husband was named as beneficiary. On July 26, 1968, the insured died and appellant was immediately notified. Appellee cooperated fully and furnished appellant with all information requested by it. On August 16, 1968, appellee filed with appellant his formal claim and proof of loss as required by the policy.
Some five months after the death of the insured appellant requested of appellee the right to exhume and perform an autopsy on the body of the insured, which request was denied. Appellee promptly commenced this action to recover the amount of insurance proceeds payable under the terms of the policy. To the complaint appellant filed its cross-claim seeking a declaration of its right to perform an autopsy as provided by the policy sued upon. In his an *167 swer to the cross-claim appellee alleged and attached as an exhibit a copy of an autopsy report dated July 26, 1968, the date of the insured’s death, which stated that the death was caused by choking on a piece of partially masticated cheese. From an adverse summary judgment, this appeal is taken.
The insurance policy sued upon in this case contains the following provision:
“10. Physical Examinations and Autopsy: The Company at its own expense shall have the right and opportunity to examine the person of the Insured when and as often as it may reasonably require during the pendency of a claim hereunder and to make an autopsy in case of death where it is not forbidden by law.”
By its final judgment the trial court denied appellant’s claim of right to perform an autopsy on the body of the deceased insured. After quoting the above-stated policy provision relative to physical examination and autopsy, the final judgment contains the following findings and conclusions :
“Such provisions in a policy have been held valid requirements where the request for autopsy is seasonably and reasonably made, but a refusal to permit an autopsy does not vitiate the policy if the request therefor is not seasonably and reasonably made. See Annotation 30 A.L.R.2d 837 and Vol. 29A American Jurisprudence, Insurance, Section 1416. The request here, almost five months after death and burial of the decedent, was not reasonable or seasonable.”
The sole issue involved in this case is whether appellant’s request to perform an autopsy on the body of the deceased insured was seasonably and reasonably made under the circumstances shown to exist in the case. The general rule governing this issue is stated in American Jurisprudence to be:
“An insurer which has issued a policy providing for the right and opportunity to make an autopsy, and which has timely notice of the insured’s death and reason to believe a claim will be made, must use due diligence and make a demand for an autopsy within a reasonable time and upon a proper occasion. If the demand is seasonably and reasonably made, and is provided for in the policy, a refusal to permit an autopsy constitutes a breach of the contract. Conversely, if the insurer does not make its demand seasonably, it cannot insist on its right as a condition of liability on the policy.
“The question of what is a reasonable time within which an insurer must exercise its right to demand an autopsy is a question of fact. * * *”[1]
The foregoing rule appears to represent the great weight of authority in the United States.[2]
There is a division of authority of whether the right to perform an autopsy is forfeited unless made before interment. We think the better view to be that failure to make the request before interment does not necessarily forfeit the right, but is relevant only in determining whether the request was seasonably and reasonably made under all circumstances shown to exist in the case.[3]
As shown above, whether a request for an autopsy is reasonably and seasonably made is a question of fact to be decided by the trier of the facts. The final judgment appealed herein recites that the conclusions expressed therein are based upon a consideration of the testimony and evidence adduced at the final hearing. This court is at something of a disadvantage in its endeavor to determine whether *168 the trial court erred in holding that appellant’s request for an autopsy was not reasonably or seasonably made. Our dilemma results from the failure of the parties to bring before us a record of the testimony and evidence adduced at the final hearing which forms the basis of the judgment under attack. Upon a consideration of the bare pleadings and attached exhibits which constitute the entire record on appeal, we are unable to say that the trial court erred in denying the relief prayed for in the cross-complaint filed by appellant. The judgment appealed is accordingly affirmed.
CARROLL, DONALD K., Acting C. J., and SPECTOR, J., concur.

. 44 Am.Jur.2d 365, Insurance, § 1498.

. See annotations in 30 A.L.R.2d 838 et seq.

. Reardon v. Mutual Life Ins. Co. of New York (Conn.Sup.Ct. Errors 1952), 138 Conn. 510, 86 A.2d 570, 30 A.L.R.2d 844.